CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 2 8 2009
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIE LEE KING,<br>    Plaintiff, | Civil Action No. 7:09-cv-00301 |
| v. | MEMORANDUM OPINION |
| MRS. LIEUTENANT PAYNE, et al.,<br>    Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Willie Lee King, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names the Juvenile and Domestic Relations Court of Danville, Virginia, and Lieutenant Payne, a correctional officer at the Danville City Jail ("Jail") as the defendants. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Plaintiff alleges that he served twenty-seven days in custody for a charge for which he was later found not guilty. Plaintiff asks me to credit his current sentence for the twenty-seven days he spent in custody before being found not guilty and to award him damages. Plaintiff also complains that he had to pay a $350 fee to post a $35,000 bond. Plaintiff also asks me to award him $350 to reimburse him the fee.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are

clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, a "person" subject to liability under § 1983 does not include a state court. See McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890 (E.D. Va. 1992) (reasoning offices and arms of the Commonwealth of Virginia and are not appropriate defendants in § 1983 actions).

Furthermore, any challenge to the validity or length of plaintiff's confinement is

2

actionable by filing a petition for a writ of habeas corpus, not a § 1983 suit. See Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.") (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (stating questions of the lawfulness of a plaintiff's continuing confinement is a habeas matter). Accordingly, since plaintiff seeks an earlier release from incarceration via a twenty-seven day credit, his request is not cognizable in a civil rights action.

Although the plaintiff's complains of having to pay $350 to post bond, he does not identify anyone against whom a constitutional allegation can be made, nor does he describe how paying someone a $350 fee for someone to provide $35,000 bond on his behalf implicates any constitutional right. To the extent plaintiff seeks relief against a correctional officer for false imprisonment or false arrest, he fails to state a claim upon which relief may be granted because plaintiff similarly fails to link any act by the correctional officer to any unlawful incarceration. Absent any connection between the correctional officer and any constitutional violation, I dismiss this claim without prejudice. Accordingly, plaintiff fails to state a claim upon which relief may be granted, and I dismiss the complaint without prejudice.

III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 28th day of July, 2009.

Senior United States District Judge